**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**NORTHERN DIVISION**

**MARK A. WILLBANKS**                                                     **PLAINTIFF**

**V.**                                  **NO. 3:19CV00117 LPR/PSH**

**ANDREW SAUL, COMMISSIONER OF**
**SOCIAL SECURITY ADMINISTRATION[1]**                     **DEFENDANT**

**RECOMMENDED DISPOSITION**

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge Lee P. Rudofsky. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objections; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

**I. Introduction:**

Plaintiff, Mark A. Willbanks, applied for disability benefits on September 1, 2016, alleging a disability onset date of July 20, 2016. (Tr. at 13). The application was denied initially and upon reconsideration *Id*. After conducting a hearing, the Administrative Law Judge ("ALJ") denied Mr. Willbanks's claim. (Tr. at 23). The

---

[1]  On June 6, 2019, the United States Senate confirmed Mr. Saul's nomination to lead the Social Security Administration. Pursuant to Fed. R. Civ. P. 25(d), Mr. Saul is automatically substituted as the Defendant.

Appeals Council denied his request for review. (Tr. at 1). The ALJ's decision now stands as the final decision of the Commissioner, and Mr. Willbanks has requested judicial review. For the reasons stated below, the Court should affirm the decision of the Commissioner.

## II.   The Commissioner's Decision:

The ALJ found that Mr. Willbanks had not engaged in substantial gainful activity since the alleged onset date of July 20, 2016. (Tr. at 15). At Step Two of the sequential five-step analysis, the ALJ found that Mr. Willbanks had the following severe impairments: cardiomyopathy, congestive heart failure, atrial fibrillation, asthma, coronary arteriosclerosis, history of left hip replacement, diabetes mellitus, hypothyroidism, degenerative joint disease of the right knee, and obesity. *Id.*

The ALJ found that Mr. Willbanks's impairments did not meet or equal a listed impairment. *Id.* Before proceeding to Step Four, the ALJ determined that Mr. Willbanks had the residual functional capacity ("RFC") to perform work at the sedentary level, with limitations. (Tr. at 17). He could occasionally reach overhead and laterally with the left arm, but not at full extension. *Id.* He should avoid exposure to microwaves, magnetic fields, and other similar hazards. *Id.* He should avoid exposure to excessive heat and airborne irritants. *Id.*

The ALJ next found that Mr. Willbanks was unable to perform any of his past relevant work. (Tr. at 23). The ALJ relied on the testimony of a Vocational Expert

("VE") to find that, considering Mr. Willbanks' age, education, work experience, and RFC, jobs existed in significant numbers in the national economy that he could perform, such as surveillance systems monitor and assembler. (Tr. at 25). Therefore, the ALJ found that Mr. Willbanks was not disabled. *Id*.

## III.  Discussion:

### A.   Standard of Review

The Court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and whether it is based on legal error. *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015); *see also* 42 U.S.C. § 405(g). While "substantial evidence" is that which a reasonable mind might accept as adequate to support a conclusion, "substantial evidence on the record as a whole" requires a court to engage in a more scrutinizing analysis:

> "[O]ur review is more than an examination of the record for the existence of substantial evidence in support of the Commissioner's decision; we also take into account whatever in the record fairly detracts from that decision." Reversal is not warranted, however, "merely because substantial evidence would have supported an opposite decision."

*Reed v. Barnhart*, 399 F.3d 917, 920 (8th Cir. 2005) (citations omitted).

It is not the task of this Court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in

the record which contradicts his findings. The test is whether there is substantial evidence in the record as a whole which supports the decision of the ALJ. *Miller*, 784 F.3d at 477. The Court has reviewed the entire record, including the briefs, the ALJ's decision, and the transcript of the hearing.

B.   Mr. Willbanks' Arguments on Appeal

Mr. Willbanks contends that substantial evidence does not support the ALJ's decision to deny benefits. He argues, without citation to case law or the record, that the RFC did not fully incorporate his limitations. After reviewing the record as a whole, the Court concludes that the ALJ did not err in denying benefits.

Mr. Willbanks had knee problems that pre-dated the relevant time-period. He had a medial meniscus tear in his right knee that required an arthroscopy. (Tr. at 329-332). A week after the surgery, he reported no problems. (Tr. at 348). Pain control was sufficient with oral medications. (Tr. at 358). Although he had slight decreased range of motion, his doctor told him to return to full work-duty a month after the surgery. (Tr. at 368). Treatment was conservative, and swelling decreased (Tr. at 378). Per Mr. Willbanks' request, he would return to the clinic on an as-needed basis. *Id.*

Mr. Willbanks also had heart problems that caused shortness of breath, fatigue, and decreased exercise tolerance. (Tr. at 21-22). He continued to work while

he had these problems. (Tr. at 443). In August 2015, cardiac examination was negative. (Tr. at 20, 450-457). Normal examination findings are not indicative of disabling pain. *Gowell v. Apfel*, 242 F.3d 793, 796 (8th Cir. 2001). In September 2015, Mr. Willbanks said he was doing very well. (Tr. at 451). He reported no chest pain or shortness of breath. *Id*. No change was made in Mr. Willbanks' conservative plan of medication management. (Tr. at 443-446). The need for only conservative treatment contradicts allegations of disabling pain. *Smith v. Shalala*, 987 F.2d 1371, 1374 (8th Cir. 1993). In 2016, Mr. Willbanks reported some leg swelling, dizziness, and sensitivity to heat related to his heart problems. (Tr. at 413-419, 435, 560). Cardiac exam was again negative on March 20, 2016. (Tr. at 443-446). A carotid Doppler in August 2016 showed no significant stenosis of the right and left carotid arteries. (Tr. at 476-477). Mr. Willbanks had no significant ischemia or edema. (Tr. at 564). In February and August 2017, cardiac exam showed normal rate and rhythm with clear breath sounds and no recurrence of sustained ventricular arrhythmias. (Tr. at 606, 630). In September 2017, Mr. Willbanks reported no swelling, chest pain, or syncope. (Tr. a 528).

Mr. Willbanks was diagnosed with asthma, which was controlled by Asamanex and Symbicort. (Tr. at 598, 640). Impairments that are controllable or amenable to treatment do not support a finding of total disability. *Mittlestedt v. Apfel,*

204 F.3d 847, 852 (8th Cir. 2000). Likewise, hypertension was controlled. (Tr. at 560). Diabetes mellitus was treated conservatively with Metformin. (Tr. at 619).

A claimant's RFC represents the most he can do despite the combined effects of all of his credible limitations and must be based on all credible evidence. *McCoy v. Astrue*, 648 F.3d 605, 614 (8th Cir. 2011). Mr. Willbanks argues that his diagnoses of medical conditions render him unable to perform even sedentary work. A diagnosis alone does not infer disability; there must be a functional loss establishing the inability to engage in substantial gainful activity. *See Trenary v. Bowen*, 898 F.2d 1361, 1364 (8th Cir. 1990). Moreover, Mr. Willbanks admitted he could do things like make his bed, mow the lawn, drive in a car, attend church, and ride his ATV. (Tr. at 220-222, 242-243). These activities undermine Mr. Willbanks' claims of total disability, and suggest the ability to perform sedentary work, as indicated by the RFC. *Shannon v. Chater*, 54 F.3d 484, 487 (8th Cir. 1995). Additionally, Mr. Willbanks' clinical examinations were grossly normal and he required only conservative care for his impairments, which support the ALJ's findings.

## VI.  Conclusion:

There is substantial evidence to support the Commissioner's decision that Mr. Willbanks was not disabled. The RFC fully incorporated Mr. Willbanks' impairments. The decision, therefore, should be affirmed. The case should be

dismissed, with prejudice.

IT IS SO ORDERED this 24th day of March, 2020.

_____
UNITED STATES MAGISTRATE JUDGE